**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1766
_____

OLANIYAN ADEFUMI,
                              Appellant

v.

REBECCA PROSPER,
CITY SOLICITOR

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01165)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2019

Before: AMBRO, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed November 27, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Olaniyan Mtundu Adefumi appeals from the District Court's

order dismissing his complaint.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

I.

In December 2018, Adefumi filed a complaint in the District Court against Rebecca Prosper, an attorney with the City of Philadelphia Law Department. In the complaint, Adefumi claimed that Prosper had violated his federal civil rights while defending his lawsuit against a doctor at a city clinic. Specifically, Adefumi alleged that Prosper had: (1) failed to "report his witnesses by the due[] date"; (2) falsely advised the District Court that Adefumi had a criminal record; and (3) falsely accused Adefumi of improperly delivering a "court notice" to the defendant. The District Court granted Adefumi leave to proceed in forma pauperis but dismissed the complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Adefumi moved to reopen the case under Rule 60(b) of the Federal Rules of Civil Procedure, but, by order entered February 22, 2019, the District Court denied relief.[1]

The following month, in March 2019, Adefumi filed a second complaint against Prosper in the District Court. Adefumi again alleged that Prosper had falsely accused him of personally delivering a court notice to the defendant. Adefumi also checked the box for "Assault, Defamation" in the form complaint. The District Court dismissed the second complaint pursuant to § 1915(e)(2)(B)(ii), concluding that Adefumi had not stated

---

constitute binding precedent.

[1] We dismissed Adefumi's appeal for lack of jurisdiction because his notice of appeal was untimely. Adefumi v. Prosper, C.A. No. 19-1765 (ordered entered on Aug. 30, 2019).

a viable claim under 42 U.S.C. § 1983 or any other federal statute. Adefumi timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court's judgment on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

## III.

We will affirm on the ground that Adefumi's claims are barred under the doctrine of res judicata. Res judicata applies when there has been "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010) (quoting Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999)). Adefumi raised the same allegations against the same defendant in his first complaint, and the District Court dismissed that complaint for failure to state a claim, which constitutes a "final judgment on the merits" for purposes of res judicata. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). To the extent that Adefumi may have been attempting to assert a new legal theory when he checked the box for "Assault, Defamation" in the second form complaint, any such claim likewise would be barred because he could have presented that theory in the prior complaint. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) ("The doctrine of res judicata bars not only

3

claims that were brought in a previous action, but also claims that could have been brought.").  Adefumi was therefore barred from maintaining these claims in this action.  Amendment would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002).

IV.

Accordingly, we will affirm.